1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 ANDREA BOARMAN,

11         Plaintiff,                 No. CIV S-11-2825 KJM-KJN

12    vs.

13 COUNTY OF SACRAMENTO; et al.,       <u>ORDER</u>

14         Defendants.

15 _____/

16         This matter comes before the court upon defendants' motion to dismiss.  (ECF 6.)

17 The court decided this motion without a hearing.  For the following reasons, defendants' motion

18 is granted, and plaintiff is given leave to amend.

19 I.   <u>FACTS AND PROCEDURAL HISTORY</u>

20         Plaintiff alleges that on January 16, 2011 she was mistaken for a shoplifter by law

21 enforcement officers when leaving a CVS store.  (Compl. ¶¶ 12-15, ECF 1.)  Defendant Officer

22 Barry ("Barry") approached plaintiff, told her she "'fit the description' of a black female

23 shoplifter," and refused to contact CVS employees to verify her statements absolving herself of

24 any wrongdoing.  (*Id.* ¶¶ 14-16.)  She was placed under arrest by other officers, thrown to the

25 ground, and shot with a Taser.  (*Id.* ¶¶ 17-18.)  At some point, Barry issued plaintiff a

26 misdemeanor citation for obstructing a peace officer.  (*Id.* ¶ 20.)

1

On October 26, 2011, plaintiff filed her complaint against the County of Sacramento ("County"), City of Rancho Cordova ("City") and Barry,[1] alleging seven (7) causes of action: 1) excessive force, invoking 42 U.S.C. § 1983, against all defendants; 2) false arrest, invoking 42 U.S.C. § 1983, against all defendants; 3) municipal liability, invoking 42 U.S.C. § 1983, against the County and the City; 4) common law battery against all defendants; 5) interference with civil rights in violation of Cal. Civ. Code § 52.1 against all defendants; 6) violence based on race in violation of Cal. Civ. Code § 51.7 against all defendants; and 7) common law negligence against all defendants.

Defendants filed the present motion to dismiss on February 7, 2012.  (ECF 6.) Plaintiff filed her opposition on March 9, 2012.  (ECF 8.)  Defendants filed their reply on March 16, 2012.  (ECF 9.)

II.  <u>ANALYSIS</u>

A.  Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Plaintiff also lists 100 doe defendants. The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id*. (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to doe defendants.  *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

1   Although a complaint need contain only "a short and plain statement of the claim

2   showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion

3   to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

4   claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include

6   something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or

7   "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.*

8   (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to

9   dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to

10   draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses

11   on the interplay between the factual allegations of the complaint and the dispositive issues of law

12   in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

13   In making this context-specific evaluation, this court must construe the complaint

14   in the light most favorable to the plaintiff and accept as true the factual allegations of the

15   complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal

16   conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

17   (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject

18   to judicial notice" or to material attached to or incorporated by reference into the complaint.

19   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

20   B.   Application

21   1.   Excessive force, invoking 42 U.S.C. § 1983

22   Defendants contend plaintiff has not alleged that Barry used any force against her.

23   (Mot. at 3.)  Plaintiff counters her complaint alleges Barry used force against her as her "use of

24   the plural (deputies/officers) necessarily includes" him.  (Opp'n at 3.)  She also contends Barry

25   can be liable on an integral participation theory and, in the alternative, for not interceding when

26   the other officers used excessive force against her.  (*Id.* at 4.)  Defendants respond that "[t]he

3

1    existence of additional theories of liability . . . does not relieve plaintiff of her burden to plead

2    factual material that would give rise to liability . . . ."  (Reply at 2 (emphasis omitted).)

3           Plaintiff's contention that "[t]he use of the plural (deputies/officers) necessarily

4    includes Officer Barry" displays a misunderstanding of Rules 8(a) and 12(b)(6).  A complaint

5    does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

6    *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Here, plaintiff's factual contentions

7    concerning Barry are that he approached her and wrote her a citation, which are wholly

8    insufficient to state a claim against Barry for excessive force.  With regard to plaintiff's alternate

9    theories of liability, plaintiff has not pled that Barry was an integral participant in the alleged use

10   of excessive force; plaintiff has not even alleged facts that establish Barry was present when

11   excessive force was allegedly used against her.  Contrary to her contentions in her opposition

12   (Opp'n at 4), plaintiff nowhere pleads that Barry's conduct in stopping her allowed officers to

13   use excessive force against her.  Although plaintiff contends that "when Officer BARRY wrote

14   Plaintiff a false citation, it facilitated the other officers in using excessive force against her" (*id.*),

15   such an allegation is wholly missing from plaintiff's complaint.  Moreover, the inference

16   plaintiff asks the court to draw – that Barry's writing of a citation, presumably after excessive

17   force was used, facilitated the other officers in their use of force – is not reasonable; nor is the

18   inference that Barry "witnessed the use of excessive force against Plaintiff by other officers and

19   did nothing to intercede."  (*Id.*)  Rather, accepted as true, the factual matter contained in

20   plaintiff's complaint allows the court to reasonably infer only that Barry approached her, spoke

21   with her, and wrote her a misdemeanor citation.  *See Ferris v. City of San Jose*, No.: 11-cv-

22   01752-LHK, 2012 U.S. Dist. LEXIS 54580, at *9 (N.D. Cal. Apr. 18, 2012) ("Mere 'conclusory

23   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.'"

24   (quoting *Adams v. Johnson*, 355 F.3d 1179, 1184 (9th Cir. 2004))).

25   /////

26   /////

1  Defendants also contend plaintiff's excessive force claims against the County and

2  the City cannot stand as there is no respondeat superior liability for municipalities under § 1983.

3  (Mot. at 3.)  Plaintiff counters she has adequately plead a claim for *Monell* liability.  (Opp'n at

4  8.)

5  "[T]here is no respondeat superior liability under section 1983."  *Jones v.*

6  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  For a municipality to be liable under § 1983,

7  plaintiff must show "the action that is alleged to be unconstitutional implements or executes a

8  policy statement, ordinance, regulation, or decision officially adopted and promulgated by that

9  body's officers [or that the action was a result of] governmental 'custom' even though such a

10  custom has not received formal approval through the body's official decisionmaking channels."

11  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  Specifically, "[i]n order to state a

12  claim under *Monell*, a party must (1) identify the challenged policy or custom; (2) explain how

13  the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm;

14  and (4) reflect how the policy or custom amounted to deliberate indifference, i.e., show how the

15  deficiency involved was obvious and the constitutional injury was likely to occur."  *Harvey v.*

16  *City of S. Lake Tahoe*, No. CIV S-10-1653 KJM EFB PS, 2011 U.S. Dist. LEXIS 87944, at *9-

17  10 (E.D. Cal. Aug. 9, 2011) (citing *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D.

18  Cal. 2009)), *adopted by* 2011 U.S. Dist. LEXIS 110165 (E.D. Cal. Sept. 26, 2011); *Crockett v.*

19  *City of Hermosa Beach*, No. CV 11-9789-DOC (SP), 2012 U.S. Dist. LEXIS 67840, at *16 (C.D.

20  Cal. Apr. 16, 2012) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)).

21  Plaintiff fails to state a claim of *Monell* liability.  Plaintiff's complaint makes only

22  bald assertions regarding the municipal defendants' alleged "policy, practice, and/or custom,"

23  according to which officers allegedly acted, and avers that she is "informed and believes" that

24  these policies include certain directions, hiring and retention and training practices, and failure to

25  discipline officers.  (ECF 1 ¶¶ 23-27.)  "But plaintiff alleges no facts to support these broad,

26  formulaic allegations. Nor does plaintiff plead with any specificity what the insufficient practices

1   were, how they were deficient, or how they specifically caused plaintiff harm." *Crockett*, 2012

2   U.S. Dist. LEXIS 67840, at *19; *see also Harvey v. City of S. Lake Tahoe*, at *10 ("plaintiff . . .

3   has not explained how the policy or custom is deficient, has not explained how the policy or

4   custom caused him harm, and has not explained how the policy or custom amounted to

5   deliberate indifference"); *Young*, 687 F. Supp. 2d at 1149-50.

6           Plaintiff has not stated a claim of excessive force against any defendant.[2]

7           2.     False arrest, invoking 42 U.S.C. § 1983

8           Defendants contend plaintiff does not allege Barry arrested her.  (Mot. at 4.)

9   Plaintiff repeats her argument regarding the inclusiveness of her allegations and her alternate

10  theories of liability.  (Opp'n at 7.)  Plaintiff does not allege anywhere in her complaint that Barry

11  arrested her.  For the same reasons set forth above, plaintiff has failed to state a claim for false

12  arrest against Barry as a matter of law.

13          3.     Common law battery

14          Defendants contend plaintiff fails to state a claim for battery against Barry.  (Mot.

15  at 5.)  Plaintiff again contends her "use of the plural (deputies/officers) necessarily includes

16  Officer BARRY."  (Opp'n at 8.)  As previously stated, this contention displays a

17  misunderstanding of Rules 8(a) and 12(b)(6).  Plaintiff's factual contentions concerning Barry,

18  that he approached her and wrote her a citation, are wholly insufficient to state a claim against

19  him for common law battery.

20          4.     Interference with civil rights in violation of Cal. Civ. Code § 52.1

21          Defendants contend plaintiff has failed to state a claim for violation of the Bane

22  Act, California Civil Code § 52.1, as she has not alleged Barry violated her "constitutional rights

23  through threats, intimidation or coercion."  (Mot. at 6.)  Plaintiff counters Barry "is among the

24  

25      [2] For the reasons stated herein, plaintiff's second claim for false arrest and third claim for municipal liability against the County and the City are hereby dismissed without prejudice.  The court accordingly does not separately discuss municipal liability in its following discussion of

26  plaintiff's second claim and does not discuss plaintiff's third claim at all.

1   officers who participated in physically striking and using a taser against Plaintiffs, and used

2   excessive force against her [which] raises the inference that Officer BARRY intimidated

3   Plaintiff . . . and used coercion against Plaintiff . . . ."  (Opp'n at 8.)  Presumably, plaintiff again

4   relies on her reference to "deputies/officers" as necessarily including Barry.  (Compl. ¶¶ 22, 39.)

5   For the reasons stated above, plaintiff has failed to state a claim of violation of California Civil

6   Code § 52.1.  Specifically, plaintiff has not alleged Barry threatened, intimidated, or coerced

7   plaintiff, thereby interfering with her constitutional or statutory right.  *See Venegas v. County of*

8   *Los Angeles*, 32 Cal. 4th 820, 843 (2004) (the provisions of § 52.1 "are limited to threats,

9   intimidation, or coercion that interferes with a constitutional or statutory right").  Accordingly,

10  plaintiff has failed to state a claim of violation of § 52.1.

11              5.      Violence based on race in violation of Cal. Civ. Code § 51.7

12              Defendants contend plaintiff has failed to state a claim for violation of the Ralph

13  Act, California Civil Code § 51.7, as she has failed to show any defendant "was motivated to

14  commit a violent act against her because of her race."  (Mot. at 6.)  Plaintiff contends Barry used

15  excessive forced "based on a policy, custom, and practice of racial animus that was encouraged,

16  allowed, and ratified by his municipal employers" and that he did so as a result of her race.

17  (Opp'n at 9.)  Section 51.7(a) provides: "All persons within the jurisdiction of this state have the

18  right to be free from any violence, or intimidation by threat of violence, committed against their

19  persons or property because of [race]."  As stated above, plaintiff has failed to allege she was

20  subject to violence or the threat of violence by Barry.  Moreover, plaintiff's blanket assertions

21  that "[r]acial animus . . . played a role in the use of force" against her and the County and City

22  "have a policy, practice, and/or custom of using, encouraging, or allowing its deputies and

23  officers to . . . engage in racial profiling and racial animus" (Compl. ¶¶ 22, 23, 48) are

24  insufficient to survive a motion to dismiss for failure to state a claim.  *See Iqbal*, 556 U.S. at 678.

25  Plaintiff has failed to state a claim for violation of § 51.7.

26  /////

7

1          6.      Common law negligence

2          Defendants contend plaintiff has failed to state a claim of negligence against

3   Barry because plaintiff has not alleged any facts showing a duty owed to plaintiff or that such a

4   duty was breached.  (Mot. at 6.)  Plaintiff contends Barry is "among the officers who participated

5   in physically striking and using a taser device against Plaintiff, and used excessive force against

6   her" and that these "allegations are enough to plead breach of the duty of care to avoid causing

7   Plaintiff bodily harm."  (Opp'n at 9.)  Plaintiff alleges defendants owed her a duty "to avoid

8   causing the harm alleged . . . and avoid and prevent violations of Plaintiff's constitutional,

9   statutory, and common law rights."  (Compl. ¶ 52.)

10          The elements of negligence are "duty, breach of duty, causation, and damages."

11   *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).  It is

12   unnecessary for the court to determine whether a duty was owed to plaintiff to "avoid causing

13   her harm"; rather, plaintiff has simply failed to allege with any particularity that the named

14   defendants owed her a duty that they breached.  Moreover, as discussed above, plaintiff has not

15   alleged Barry used any force against her.

16   III.   <u>CONCLUSION</u>

17          Plaintiff's complaint is replete with conclusory allegations and devoid of specific

18   facts.  Accordingly, and for the foregoing reasons, defendant's motion is granted.  Plaintiff's

19   first, second, third, and sixth causes of action are dismissed against the County and the City.

20   Plaintiff's complaint is dismissed against Barry in its entirety.  Plaintiff may file an amended

21   complaint addressing the deficiencies identified herein, to the extent she is able to while

22   complying with Federal Rule of Civil Procedure 11, within thirty (30) days of the entry of this

23   order.

24          IT IS SO ORDERED.

25   DATED:  September 27, 2012.

26

_____
UNITED STATES DISTRICT JUDGE

8