1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ANDREA BOARMAN

12              Plaintiff,                    No. 2:11-cv-02825 KJM KJN

13        vs.

14  COUNTY OF SACRAMENTO, et al.,

15              Defendants.                   ORDER

16  _____/

17          The matter comes before the court on defendants' motion to dismiss the third and

18  sixth causes of action (ECF 16) of the First Amended Complaint (FAC).  (ECF 15.)  For the

19  reasons stated below, the motion is GRANTED in part and DENIED in part.

20  I.      FACTS AND PROCEDURAL HISTORY

21          Plaintiff, an African-American female, alleges that on January 16, 2011 she was

22  mistaken for a shoplifter by law enforcement officers when leaving a CVS store.  (FAC ¶¶ 12-

23  15, ECF 15.)  Defendant Officer Barry ("Barry") refused to contact CVS employees to verify her

24  statements absolving herself of any wrongdoing.  (*Id.* ¶ 16.)  She was placed under arrest by

25  Barry and other officers, thrown to the ground, and shot with a Taser.  (*Id.* ¶¶ 17-19.)  At some

26  point, Barry issued plaintiff a misdemeanor citation for obstructing a peace officer.  (*Id.* ¶ 20.)

1     On October 26, 2011, plaintiff filed the original complaint against the County of

2  Sacramento ("County"), City of Rancho Cordova ("City"), Barry, and DOES 1 - 100.[1]  (ECF 1.)

3  Defendants moved to dismiss all causes of action.  (ECF 6.)  On September 27, 2012, the court

4  dismissed the complaint in its entirety against Barry and partially against the County and City,

5  with leave for plaintiff to amend.  (ECF 14.)

6     On October 26, 2012, plaintiff filed the First Amended Complaint, alleging six

7  causes of action: 1) excessive force, invoking 42 U.S.C. § 1983, against all peace officer

8  defendants;[2] 2) false arrest, invoking 42 U.S.C. § 1983, against all peace officer defendants;

9  3) municipal liability, invoking 42 U.S.C. § 1983, against the County and City; 4) common law

10  battery against all defendants; 5) interference with civil rights in violation of California Civil

11  Code § 52.1 against all defendants; and 6) violence based on race in violation of California Civil

12  Code § 51.7 against all defendants.

13     On November 11, 2012, defendants moved to dismiss the third and sixth causes of

14  action.  (ECF 16.)  Plaintiff filed an opposition brief on November 29, 2012.  (ECF 17.)

15  Defendants filed a reply on December 6, 2012.  (ECF 19.)

16  /////

17  /////

18

19     [1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through
discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the
20  alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*,
177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.
21  1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear
that discovery would not uncover the identities, or that the complaint would be dismissed on
22  other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal
Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not
23  been served within 120 days after the filing of the complaint unless plaintiff shows good cause,
is applicable to doe defendants. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011
24  U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567
LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

25     [2] By "peace officer defendants," plaintiff appears to refer to Office Barry and the other
officers allegedly present at the arrest and detention, whose identities she does not know at this
26  time. (ECF 15 ¶ 6.)

II.     STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (FED. R. CIV. P. 8(a)(2)), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

/////

III.    ANALYSIS

A. Municipal Liability

"[T]here is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). For a municipality to be liable under § 1983, plaintiff must show "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers . . . . [L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Specifically, "[i]n order to state a claim under *Monell*, a party must (1) identify the challenged policy or custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) reflect how the policy or custom amounted to deliberate indifference, i.e., show how the deficiency involved was obvious and the constitutional injury was likely to occur." *Harvey v. City of S. Lake Tahoe*, No. CIV S-10-1653 KJM EFB PS, 2011 WL 3501687, at *3 (E.D. Cal. Aug. 9, 2011) (citing *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009)), *adopted by* 2011 WL 4543195 (E.D. Cal. Sept. 27, 2011); *Crockett v. City of Hermosa Beach*, No. CV 11-9789-DOC SP, 2012 WL 1694452, at *6 (C.D. Cal. Apr. 16, 2012), *adopted by* 2012 WL 1694306 (C.D. Cal. May 11, 2012).

Prior to *Iqbal*, the rule in the Ninth Circuit was that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice.'" *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988) (citing *Shah v. Cnty. of Los Angeles Intelligence & Coordination Unit*, 797 F.2d 743, 747 (9th Cir. 1986)).

/////

Post-*Iqbal* decisions have considered motions to dismiss a claim of municipal liability under a heightened pleading standard.  In light of the Supreme Court rulings in *Twombly* and *Iqbal*, the Ninth Circuit articulated a two-part rule to govern allegations in a complaint or counterclaim:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2012).

In *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009), the court observed that "*Iqbal* has made clear that conclusory, 'threadbare' allegations that merely recite the elements of a cause of action will not defeat a motion to dismiss . . . . In light of *Iqbal*, it would seem that the prior Ninth Circuit pleading standard for *Monell* claims (i.e. 'bare allegations') is no longer viable."  Accordingly it found the following allegations to merely "track the elements" for a valid *Monell* claim without stating a cause of action:

> Defendants City of Visalia ... [and] City of Farmersville ... are named herein for having so knowingly failed to reasonably select and hire, and to reasonably well educate, instruct and train, and direct, supervise, control and discipline the conduct of its officers and supervisors, including the individual defendants named herein, in recurring situations such as are alleged herein, in which their officers', deputes', and supervisors' violations of the civil and statutory rights of individuals, including plaintiffs herein, were anticipated and could have been prevented by such selection and hiring, education, training, direction, supervision, control, and discipline, that [the Cities of Visalia and Farmersville] set in motion a chain of events that made the violations alleged herein foreseeable and substantially certain to occur. The actions and inactions of the [Cities of Visalia and Farmersville] were thus the moving force causing the violations alleged herein.

*Id.* at 1146-47, 1149.

/////

1          In *Canas v. City of Sunnyvale*, No. C 08–5771 JF (PSG), 2011 WL 1743910, at *4-

2  5 (N.D. Cal. Jan. 19, 2011), plaintiff alleged *Monell* liability on the grounds that defendant

3  municipalities inadequately trained officers to serve arrest warrants and avoid using deadly force;

4  that the maintenance of a department of public safety, as opposed to a dedicated police

5  department, constituted deliberate indifference leading to unconstitutional injuries; and that a 14-

6  month training period for officers who shot plaintiff's decedent was inadequate and a factor

7  leading to the decedent's wrongful death.  The court held, however, that despite the "length" of

8  these claims, their substance was conclusory and failed to explain "*how* the City's alleged policies

9  or customs are deficient … [and] *how* the alleged policies or customs caused harm to Plaintiffs

10 and the decedent." *Id.* at *6.  *See also Mong Kim Tran v. City of Garden Grove*, No. SACV

11 11-1236 DOC ANX, 2012 WL 405088, at *4 (C.D. Cal. Feb. 7, 2012) ("Like the *Young* and

12 *Canas* plaintiffs, Plaintiff does not plead with any specificity what the insufficient practices were,

13 how they were deficient, or how they specifically caused Plaintiff harm.").

14         In *A.E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631 (9th Cir. 2012), the

15 Ninth Circuit applied the *Starr* standard to a *Monell* liability claim by a minor who was sexually

16 abused while in foster care.  The minor alleged that the county was liable under section 1983

17 because the defendants "performed their acts and omissions 'under the ordinances, regulations,

18 customs, and practices of [the county]...'" and "'maintained or permitted an official policy,

19 custom, or practice of knowingly permitting the occurrence of the type of wrongs'" alleged in the

20 complaint. *Id*. at 635, 637 (quoting complaint).  The Ninth Circuit held that these allegations

21 were insufficient to state a claim of *Monell* liability.  *Id.* at 637.

22         In a subsequent district court decision,  *Mateos-Sandoval v. County of Sonoma*,

23 No. C11-5817 THE, 2013 WL 415600, at *5 (N.D. Cal. Jan. 31, 2013), the court held plaintiffs

24 stated a *Monell* liability claim, in contrast to *A.E.*  In that case, in which defendants have taken an

25 interlocutory appeal only on Eleventh Amendment grounds, County officers charged plaintiffs

26 with violating California Vehicle Code § 14602.6 for driving without a license, though they in

1    fact had Mexican drivers' licenses, and impounded their vehicles.  *Id.* at *2-3.  Plaintiffs alleged

2    defendant County "routinely enforc[ed]" section 14602.6 by

3              seizing and impounding vehicles on the basis that the driver does
               not have a current, valid California driver's license, including when
4              the vehicle was not presenting a hazard or a threat to public safety;
               keeping the vehicle [even though] someone was available to pay the
5              impound fee to date, usually for the 30 day period specified by
               § 14602.6; seizing and impounding vehicles even though the driver
6              has previously been licensed, whether in California or a foreign
               jurisdiction; failing and refusing to [provide] a hearing on the
7              justification for impounding the vehicle for 30 days; failing and
               refusing to provide notice of the reason for impounding the vehicle
8              for 30 days; and, on information and belief, charging an above-cost
               administrative fee.

9

10   *Id.*  The court stated that these allegations were "sufficient to 'give fair notice and to enable the

11   opposing party to defend itself effectively,' particularly since information relating to the policies,

12   customs, and practices of County Defendants in enforcing § 14602.6 and related statutory

13   sections is likely to be easily available to them."  *Id.* (citing *Starr*, 652 F.3d at 1216).  The court

14   also held that as to *Starr*'s second prong – that the allegations plausibly suggest entitlement to

15   relief – it was "inherently plausible that Plaintiffs' constitutional claims, which largely are based

16   in the alleged misconstruction of or failure to comply with California statutory law, arose as a

17   result of the County Defendants' customs, policies, or practices."  *Id.*

18          In the present case, the First Amended Complaint alleges that "supervising

19   commanders" from the County and City instructed patrol officers to detain and arrest people

20   without probable cause if they looked subjectively suspicious.  (FAC ¶¶ 25-26.)  These

21   commanders instructed patrol officers to use excessive force, including a Taser, if the person

22   expressed anger or annoyance at being detained.  (Id. ¶ 27.)  A policy of unconstitutional

23   detentions and arrests therefore "arose within the ranks" of patrolling officers in Rancho Cordova,

24   and the brunt of the policy was suffered by African-Americans and other racial minorities.  (*Id.*

25   ¶¶ 28-29.)  The County Sheriff and City Police Chief received complaints about these activities

26   but did nothing to stop the policy of abuse and did not discipline officers for using excessive

7

1   force.  (*Id.* ¶¶ 29-32.)  The County and City also failed to train patrolling officers in correct

2   detention and arrest techniques, even though training was particularly needed in proper use of

3   Tasers.  (*Id.* ¶ 33.)

4           Defendants argue that the First Amended Complaint does not state a claim for

5   municipal liability because the factual allegations are vague and conclusory, particularly because

6   the First Amended Complaint does not identify other instances in which someone was similarly

7   treated by defendants, or how and when supervising officers instructed other officers to use

8   excessive force.  (ECF 19 at 2-3.)  However, defendants provide no authority for requiring the

9   level of detail defendants demand here.  Plaintiff's municipal liability claim appears to match the

10  specificity of the complaint accepted by the court in *Mateos-Sandoval*.  As in *Mateos-Sandoval*,

11  plaintiff has provided enough facts about the City and County's policy of encouraging officers to

12  use excessive force that the defendants will be able to defend plaintiff's claims.   Taken as true,

13  they "plausibly suggest an entitlement to relief," *Starr*, 652 F. 3d at 1216, because plaintiff's

14  constitutional injuries from her arrest are allegedly a result of the municipal defendants' policies.

15  Accordingly, the defendants' motion to dismiss plaintiff's third cause of action is denied.

16      B. Violence Based on Race

17          California Civil Code § 51.7 provides: "All persons within the jurisdiction of this

18  state have the right to be free from any violence, or intimidation by threat of violence, committed

19  against their persons or property because of [race]."  The elements of a claim brought under

20  section 51.7 are: (1) the defendant threatened or committed violent acts against the plaintiff;

21  (2) the defendant was motivated by his perception of plaintiff's race; (3) the plaintiff was harmed;

22  and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm.  *Austin*

23  *B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880-81 (Ct. App. 2007).

24          The court's prior order dismissed this cause of action because plaintiff failed to

25  allege she was subject to violence or threat by Barry, and because she made only blanket

26  assertions against the County and City regarding a policy of racial animus.  (ECF 14 at 7.)  The

8

First Amended Complaint now alleges that Barry participated in using excessive force against plaintiff. (FAC ¶ 17.)  But as in the original complaint, the First Amended Complaint contains no facts to show that Barry was motivated by plaintiff's race.  The court grants defendants' motion to dismiss this claim; because it is not clear to the court that plaintiff will be unable to plead a claim, this dismissal is with leave to amend one more time if possible, subject to the Federal Rule of Civil Procedure 11.  *But see Scognamillo v. Credit Suisse First Boston*, 254 F. App'x 669, 670 (9th Cir. 2007) ("Appellants had numerous opportunities to amend their complaint and to explain their claims to the district court judge. In light of these opportunities, the district court judge did not abuse his discretion in determining that any further amendment would be futile.").

IV.   <u>CONCLUSION</u>

     1.   Defendants' motion to dismiss plaintiff's third claim for municipal liability under 42 U.S.C. § 1983 is denied.

     2.   Defendants' motion to dismiss plaintiff's sixth claim under California Civil Code § 51.7 is granted.

     3.   Plaintiff is directed to file any amended complaint within twenty-one (21) days of this order.

     IT IS SO ORDERED.

DATED:  March 28, 2013.

_____
UNITED STATES DISTRICT JUDGE