IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREA BOARMAN

Plaintiff, No. 2:11-cv-02825 KJM KJN

vs.

COUNTY OF SACRAMENTO; et al.,

Defendants. ORDER

_____________________________________/

The matter comes before the court on defendants' motion to dismiss the sixth cause of action (ECF 25) of the second amended complaint (ECF 24). For the reasons stated below, the motion is GRANTED.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that on January 16, 2011 she was mistaken for a shoplifter by law enforcement officers when leaving a CVS store. (Second Amended Complaint (SAC) ¶¶ 11-15, ECF 24.) Defendant Officer Barry ("Barry") refused to contact CVS employees to verify plaintiff's statements absolving her of any wrongdoing. (*Id.* ¶ 16.) She was placed under arrest by Barry and other officers, thrown to the ground, and shot with a Taser. (*Id.* ¶¶ 17-19.) At

/////

some point, Barry issued plaintiff a misdemeanor citation for obstructing a peace officer. (*Id.* ¶ 20.)

On October 26, 2011, plaintiff filed the original complaint against the County of Sacramento ("County"), City of Rancho Cordova ("City"), Barry, and DOES 1 - 100.[1] (ECF 1.) Defendants moved to dismiss all causes of action. (ECF 6.) On September 27, 2012, the court dismissed the complaint in its entirety against Barry and partially against the County and City, with leave for plaintiff to amend. (ECF 14.)

On October 26, 2012, plaintiff filed her first amended complaint, alleging six causes of action: 1) excessive force, invoking 42 U.S.C. § 1983, against all peace officer defendants[2]; 2) false arrest, invoking 42 U.S.C. § 1983, against all peace officer defendants; 3) municipal liability, invoking 42 U.S.C. § 1983, against the County and City; 4) common law battery against all defendants; 5) interference with civil rights in violation of Cal. Civ. Code § 52.1 against all defendants; and 6) violence based on race in violation of Cal. Civ. Code § 51.7 against all defendants. (ECF 15.) On November 11, 2012, defendants moved to dismiss the third and sixth causes of action. (ECF 16.) On March 28, 2013, the court denied defendants' motion to dismiss plaintiff's third cause of action and granted the defendants' motion to dismiss plaintiff's sixth cause of action with leave to amend. (ECF 22.)

---

[1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to doe defendants. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

[2] By "peace officer defendants," plaintiff appeared to include the officers allegedly present at the arrest and detention, the identities of whom she did not know at the time. (ECF 15 ¶ 6.)

Plaintiff filed the SAC on April 18, 2013. (ECF 24.) On May 2, 2013, defendants moved to dismiss the plaintiff's sixth cause of action in this complaint. This cause of action repleads a violation of Cal. Civ. Code § 51.7, with additional facts. (ECF 25, ECF 24 ¶¶ 12, 15, 17, 19, 22, 53-56.) Plaintiff filed an opposition brief on May 24, 2013. (ECF 27.) Defendants filed a reply on May 31, 2013. (ECF 28.).

## II. STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed R. Civ. P. 8(a)(2)), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal

conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

III. ANALYSIS

California Civil Code § 51.7 provides: "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property" because of race. Cal. Civ. Code §§ 50(b), 51.7. The elements of a claim brought under section 51.7 are: "(1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's race; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009) (citing *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880-81 (2007)).

To adequately plead a claim under section 51.7, plaintiff must allege facts to support a reasonable inference that the plaintiff's race was a motivating factor. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1290 (9th Cir. 2001). "[P]laintiff[] may not rely on the sole conclusory allegation that [defendants'] conduct was 'because of [plaintiff's] race.'" *Arres v. City of Fresno*, No. CV F 10-1628 LJO SMS, 2011 WL 284971, at *27 (E.D. Cal. Jan. 26, 2011). Additionally, a plaintiff's own speculation that racial animus motivated defendant's action is not sufficient to establish that race was actually a motivating factor. *Knapps*, 647 F. Supp. 2d at 1167 (allegations that plaintiff's race – different than the race of the defendant officers who arrested him without justification – insufficient to show by preponderance of the evidence that officers' conduct was motivated by plaintiff's race). *See also Bass v. City of Fremont*, No. C12-4943 THE, 2013 WL 891090, at *6 (N.D. Cal. Mar. 8, 2013) (similar allegations were insufficient to state a claim under section 51.7).

/////

The court's prior order dismissed the cause of action based on section 51.7 because plaintiff did not allege facts to show that Barry was motivated by plaintiff's race. (ECF 22 at 9.) The instant complaint repeats the same allegations that Barry was motivated to arrest plaintiff and use excessive force against her because of her race as were alleged in the previous complaint. (ECF 15 ¶¶ 20-22; ECF 24 ¶¶ 21-22.) The current complaint adds allegations that plaintiff overheard the CVS cashier's phone call to the police and that while the CVS cashier did not mention race overtly during this call, Barry told plaintiff she "fit the description," and responded affirmatively when plaintiff asked if the description was of a black female. (ECF 24 ¶¶ 12, 15.) Plaintiff contends that these facts lead to a reasonable inference that Barry was motivated by race, rather than race-neutral suspicion. (Opp'n at 5, ECF 27.) Defendant asserts that racial animus cannot be inferred from the current factual allegations, unless the court assumes that plaintiff's new allegation of overhearing the cashier's call means the police were never advised of the suspect's race but rather leapt to the conclusion that the suspect must be black. (Reply at 2, ECF 28.)

Plaintiff has not alleged facts sufficient to state a claim under section 51.7. Neither plaintiff's subjective belief that Barry was motivated by her race, nor her allegation that the CVS cashier did not mention race when giving a description of the suspect to the police, is enough without more to support the inference that Barry was actually motivated by plaintiff's race. Accordingly, the court grants defendants' motion to dismiss.

Generally, the court will grant leave to amend a claim if it appears that the claim can be remedied by alleging additional facts. *See Sonoma Cnty. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013). However, "when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)). Because plaintiff

/////

has already had two opportunities to amend his claim under section 51.7, the court finds further amendment would be futile. Further leave to amend will not be granted.

IV. CONCLUSION

Defendants' motion to dismiss plaintiff's sixth claim under California Civil Code § 51.7 is granted without leave to amend.

IT IS SO ORDERED.

DATED: July 25, 2013.

UNITED STATES DISTRICT JUDGE